AFSHIN SIMAN
LAW OFFICE OF AFSHIN SIMAN
6210 Wilshire Blvd.
Suite 211
Los Angeles, CA 90048
(424) 229-9778
siman@simanlawfirm.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

[Additional counsel appearing on signature page.]

*Attorneys for Plaintiff and the Putative Class*

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MICHAEL TRUJILLO,** individually and on behalf of all others similarly situated,<br><br>     *Plaintiff*,<br><br>v.<br><br>**FREE ENERGY SAVINGS COMPANY, LLC, D/B/A QUALITY CONSERVATION SERVICES,** a Delaware limited liability company,<br><br>     *Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Michael Trujillo ("Trujillo" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Free Energy Savings Company, LLC d/b/a Quality Conservation Services ("QCS" or "Defendant") to stop QCS from continuing to violate the

Telephone Consumer Protection Act by sending unsolicited autodialed text messages to consumers, including to consumers who have registered their phone numbers on the national Do Not Call Registry ("DNC"), and to otherwise obtain injunctive and monetary relief, including statutory damages, for all persons injured by QCS's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. The California Contractors State License Board shows that Free Energy Savings Company, LLC operates using the dba Quality Conservation Services:

```
FREE ENERGY SAVINGS COMPANY LLC
dba QUALITY CONSERVATION SERVICES

4751 ARROW HIGHWAY
MONTCLAIR, CA 91763
Business Phone Number:(866) 794-5129

Entity   Ltd Liability
Issue Date  01/10/2018
Expire Date  01/31/2020
```
[1]

2. QCS is a for-profit company that provides energy-saving improvements to residences in California's Bay Area and the State's Greater Los Angeles Area.[2]

3. Part of QCS's marketing plan includes sending text messages *en masse* to consumers directing them to enroll to see if they qualify for energy saving programs by visiting QCS's website QCSCA.com/enroll.

4. Unfortunately, QCS caused such text messages to be sent using an autodialer without first obtaining the necessary prior express consent. To make matters worse, consumers have received multiple text messages despite having registered their phone numbers on the DNC.

---

[1] https://www2.cslb.ca.gov/onlineservices/checklicenseII/LicenseDetail.aspx?LicNum=1034739
[2] https://www.linkedin.com/in/richard-esteves-2a417964/

CLASS ACTION COMPLAINT
-2-

5. In Plaintiff's case, he received 2 identical autodialed text messages to his cellular phone from Defendant directing him to enroll online at QCSCA.com/enroll.

6. In response to these text messages, Plaintiff files this class action lawsuit seeking injunctive relief, requiring QCS to cease sending unsolicited, autodialed text messages to consumers' cellular telephone numbers, and to other phone numbers registered on the DNC, as well as an award of statutory damages to be paid into a common fund for the benefit of the members of the Classes.

## PARTIES

7. Plaintiff Trujillo resides in Victorville, Apple Valley, California.

8. Defendant QCS is a for-profit Delaware limited liability company with its head office located in Montclair, San Bernardino County, California. QCS does business throughout this District and throughout the United States.

## JURISDICTION AND VENUE

9. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

10. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and Defendant has its headquarters in this District, and because the wrongful conduct giving rise to this case was directed to/originated from this District.

## COMMON ALLEGATIONS

**QCS Sends Unsolicited Text Messages Using an Autodialer  
Without Attaining the Necessary Express Prior Written Consent**

11. QCS cold calls and text messages consumers without consent.

12. QCS does not hide the fact that it engages in such cold calling and text messaging.

CLASS ACTION COMPLAINT  
-3-

13. In a QCS job posting seeking a telemarketer, QCS states clearly that the job entails contacting potential customers through cold calling using "provided lists of residential homes":

**Telemarketer**

**JOB DESCRIPTION:**
The primary role of the Telemarketer is to contact potential customers via cold calling using provided lists of residential homes and property managers to secure qualified appointments for Energy Specialists under our company approved energy savings programs.

**APPLICANT REQUIREMENTS**
Applicants must have a minimum 2 years experience making outbound cold calls as well as above average customer service skills. The ideal applicant has patience and the ability to withstand rejection.

Positions available at the following office locations:
Concord, CA
Montclair, CA

**Apply Now**

[3]

14. The text messages that Defendant QCS sends out are are telemarketing advertisements. That is, the text messages are directed to consumers seeking to solicit them to enroll with QCS so that QCS can provide the consumer certain services, which QCS receives money for.

15. Additionally, on information and belief, if a consumer acquires a big-ticket item through QCS such as a refrigerator, the consumer may be required to pay a deposit fee to QCS if they are leasing, or renting their home.

16. Consumers have posted online that they incurred monetary expenses after receiving services from QCS. For example:



**Lynn Ho**
Local Guide · 7 reviews
★☆☆☆☆  2 years ago
It's very poor service. I had my AC unit repaired by this QCS and then it had a problem I called them and they keep scheduled and then rescheduled but never showed up or called. When I called them try to find out what's going on , they didn't pick up the phone , I left so many messages but never get any return call. Don't trust these people once you paid them, that will be it no guarantee.

[4]

---
[3] http://jobs.qcsca.com/home
[4] Google.com reviews of "Quality Conservation Services"

17. In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system ("ATDS"). This ATDS combined hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator. It also sent text messages from an uploaded or pre-programmed list. This is evident from the circumstances surrounding the text messages, including the text messages' commercial and generic content and the fact that multiple identical texts were sent to Plaintiff, which is consistent with the use of an ATDS to send text messages.

18. Additionally, Defendant QCS has sent multiple unsolicited autodialed text messages to consumer phone numbers, regardless of whether those numbers were registered on the DNC.

19. There are many complaints from consumers online regarding unsolicited telemarketing calls and text messages that such consumers have received from QCS, including complaints from consumers that registered their phone numbers on the DNC and including references showing that QCS uses an autodialer to call consumers:

- "Said he was working with PG&E but first addressed me by name and told me that they would be in my neighborhood (said my address too). When he finished talking, I asked him if I could contact PG&E myself to confirm, and he quickly hung up. SCAM. I have my number on the "do not call" list, so I'm upset that he got my info somehow."[5]
- "I just got the same call as [consumer] above, same person saying the same stuff and knowing my name & address. I asked to be placed on their do not call list….we'll see."[6]
- "I got a call from a man from this number who initially hung up. I called the number back. Said he was with Quality Conservation Services, working with PG&E, and that he wanted to schedule a home energy visit. He said he got my info from the PG&E 'Care' program. I was in it 20 years ago. I told him I do not ualify as a low-income. Then he asked me what my income is. I refused to tell and indicated that I do not trust callers to give out my personal info on the phone. Then he excused himself and say good bye."[7]
- "I answered, dead silence."[8]

---

[5] https://800notes.com/Phone.aspx/1-925-750-8900
[6] *Id.*
[7] *Id.*
[8] https://800notes.com.Phone/aspx/1-415-403-2346

CLASS ACTION COMPLAINT
-5-

- "Kept on getting spam call from this company, told them not to call me again and still get call from them on a monthly basis"[9]
- "At 10:20 am August 1, 2019 I was called and I answered but was hung up on after saying hello 6 times."[10]
- "Rang, no one on line"[11]
- "Just another HVAC telemarketer breaking the law"[12]
- "Silence at first. They already have your name and address when they start."

**Plaintiff Received Unsolicited Autodialed Text Messages to His Cell Phone Despite Being on the DNC List**

20. Plaintiff Trujillo's cell phone number was registered on the DNC on May 13, 2005.

21. His cell phone number is not associated with a business and is for personal use.

22. On August 6, 2019 at 8:27 AM, Trujillo received an unsolicited, autodialed text message from Defendant on his cell phone using phone number 909-245-2306:



---

[9] https://www.yelp.com/biz/quality-control-services-concord
[10] https://800notes.com/Phone.aspx/1-707-361-4472
[11] https://800notes.com/Phone.aspx/1-415-403-2346
[12] *Id.*

CLASS ACTION COMPLAINT
-6-

23. On August 12, 2019 at 11:22 AM, Trujillo received a second unsolicited, autodialed text message from Defendant on his cell phone using phone number 909-245-2306 that is identical to the previous text message that he received:

[screenshot of text message reading: "Dear Amanda Schwab: Your home on Green Tree Blvd may be entitled to Free Weatherization funded by SWG/SCE, including A/C, coolers, LED lights, insulation, window/door repairs, 20% utility discounts. To schedule your free improvements, contact (909) 657-6981 or www.qcsca.com/enroll. -Irene"]

24. Plaintiff Trujillo believes the 2 text messages were autodialed due to their generic text and fill in the blank name and address fields. In addition, the 2 text messages are identical to each other and the Plaintiff has never interacted with this company before.

25. Plaintiff has never had a relationship with QCS, never provided them his phone number or address, and has never provided QCS express consent under the TCPA, written or otherwise, to contact him.

26. The unauthorized text messages sent by QCS, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Trujillo's use and enjoyment of his cellular phone, in addition to the wear and tear on the phone's hardware

CLASS ACTION COMPLAINT
-7-

(including the phone's battery) and the consumption of memory, data, and battery life on the phone.

27. Seeking redress for these injuries, Trujillo, on behalf of himself and two Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones, including solicitation text messages to a phone number protected by the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims

28. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through the date notice is sent to the Class: (1) Defendant (or an agent acting on behalf of Defendant) caused a text message to be sent, (2) to the person's cellular telephone number, (3) using the text messaging platform Defendant used to text message Plaintiff, (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through the date notice is sent to the Class (1) Defendant (or an agent acting on behalf of Defendant) texted more than one time; (2) within any 12-month period (3) where the person's telephone number had been listed on the DNC for at least thirty days; (4) for a substantially similar reason that Defendant texted Plaintiff; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff.

29. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded

persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

30.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

31.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions go to the very heart of the case and predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a) whether Defendant used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed No Consent Class;

    (b) whether Defendant sent unsolicited text messages to phone numbers registered on the DNC;

    (c) whether Defendant's conduct constitutes a violation of the TCPA;

    (d) whether Defendant had prior express consent to send the text messages;

    (e) whether the messages are commercial in nature; and

    (f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

32.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and his Counsel has the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

33.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards

CLASS ACTION COMPLAINT
-9-

of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227, et. seq.)**
**(On Behalf of Plaintiff and the Autodial No Consent Class)**

34. Plaintiff repeats and realleges paragraphs 1 through 33 of this Complaint and incorporates them by reference.

35. Defendant and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an ATDS.

36. These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

37. Defendant never obtained prior express consent, written, oral, or otherwise, to send the text messages at issue.

38. Defendant's conduct was wilful or knowing.

39. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to between $500 and $1,500 for each and every text message.

## SECOND CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227, et. seq.)
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

40. Plaintiff repeats and realleges the paragraphs 1 through 33 of this Complaint and incorporates them by reference.

41. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

42. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[13]

43. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

44. Defendant has violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

45. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one phone call/text message in a 12-month period by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above, where their phone numbers had been registered on the DNC for at least 30 days. As a result of Defendant's conduct

---

[13] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and are entitled to between $500 an $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Trujillo, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above, and appointing Plaintiff as the representative of the Classes and his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs to be paid into a common fund for the benefit of the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Trujillo requests a jury trial.

Respectfully Submitted,

**MICHAEL TRUJILLO**, individually and on behalf of those similarly situated individuals

Dated: October 29, 2019    By: ___*/s/ Afshin Siman*___
Afshin Siman (Cal bar no. 309956)
Law Office of Afshin Siman
6210 Wilshire Blvd. Ste.211
Los Angeles, CA 90048
Telephone: (424) 229-9778
siman@simanlawfirm.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice Forthcoming*

*Attorneys for Plaintiff and the putative Classes*

CLASS ACTION COMPLAINT
-13-