Afshin Siman
LAW OFFICE OF AFSHIN SIMAN
6210 Wilshire Blvd.
Suite 211
Los Angeles, CA 90048
(424) 229-9778
siman@simanlawfirm.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

[Additional counsel appearing on signature page.]

Attorneys for Plaintiff and the Putative Class

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **MICHAEL TRUJILLO,** individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>**FREE ENERGY SAVINGS COMPANY, LLC, D/B/A QUALITY CONSERVATION SERVICES**, a Delaware limited liability company,<br><br>                    Defendant. | Case No.  8:19-cv-02072-ODW-SP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Otis D. Wright II<br><br>Complaint Filed: October 29, 2019 |

Plaintiff Michael Trujillo ("Plaintiff" or "Trujillo") and Defendant Free Energy Savings Company, LLC ("Defendant" or "QCS") jointly submit this Rule 26(f) Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and this Court's Scheduling Order (Dkt. 24).[1]

**(1) Statement of the Case**

<u>Plaintiff's Position:</u> Plaintiff brings this putative class action under the Telephone Consumer Protection Act ("TCPA" or "Act"), 47 U.S.C. § 227, *et seq.*, against Defendant to put an end to Defendant's unlawful telemarketing practices. Specifically, the Act prohibits any telemarketing text message calls to cellular telephones using an automatic telephone dialing system ("ATDS") without the called parties' prior express written consent. The Act also makes it unlawful to place repeated unsolicited telemarketing text message calls to consumers who have registered their numbers on the National Do Not Call Registry ("DNC").

Here, Plaintiff alleges that Defendant violated the Act by placing autodialed telemarketing text messages to his cellular telephone without first procuring his prior express written consent. Plaintiff also alleges that Defendant placed numerous telemarketing text messages to his cellphone that was registered in the National DNC registry. The purpose of the calls was to attempt to solicit Plaintiff to enroll in Defendant's weather related products and services. Therefore, Plaintiff filed this instant case seeking statutory damages and injunctive relief on behalf of himself and

---

[1] The parties apologize for their untimely submission of this joint report. Given the several recent COVID-19 orders, the parties mistakenly believed the April 13, 2020 Scheduling Conference was canceled, thereby affecting the due date of the instant report. *See, e.g.*, Mar. 19, 2020 Order of the Chief Judge 20-042 ("In civil cases, no hearings will go forward except for emergency time-sensitive matters, such as requests for temporary restraining orders and preliminary injunctions, as ordered by the assigned judicial officer."). In any event, the parties intended to submit the instant report today, notwithstanding the Court's recent Minute Order. *See* Dkt. 27.

the proposed Classes of similarly situated individuals.

<u>Defendant's Position</u>: QCS denies that it violated the TCPA by sending nonconsensual, marketing messages to Plaintiff. In fact, QCS does not send any marketing messages whatsoever. Rather, QCS sends only informational messages and, as Plaintiff concedes, those messages offer *free* weatherization services to low-income customers who qualify. *See* Dkt. 1 at ¶¶ 22–24. QCS sends these informational messages on behalf of local utilities (including those that service Plaintiff), to help them comply with the state-mandated obligations of Section 2790 of the California Public Utility Code. *See* Cal Pub. Util. Code § 2790(a) (governing "weatherization" and requiring that utilities perform "home weatherization services for low-income customers" at no charge to consumers). Moreover, the FCC has expressly exempted these types of messages, *i.e.*, those that notify consumers they may be eligible for low-income subsidies. For these several reasons, the "express written consent" and do-not-call registry rules of the TCPA do not apply to the messages at issue. *See* 47 C.F.R. § 64.1200(c) (applying only to telephone solicitations that offer goods or services for sale); *see also* 47 C.F.R. § 64.1200(a)(2) (same). In any event, QCS had consent to send the messages at issue, as Plaintiff's fiancé (the named subscriber of the subject telephone number) voluntarily provided the subject phone number in connection with the couple's utility services. QCS also did not use an ATDS to send the messages at issue.

For these and other reasons, QCS: (a) denies that it lacked consent to send messages; (b) denies all liability, including that it violated the TCPA's ATDS or DNC prohibitions; and (c) denies certification of the putative classes is appropriate in this case.

**(2) Legal Issues**

Plaintiff's Position: Plaintiff anticipates that the case will involve the following legal issues:

(1)      Whether Defendant violated the TCPA;

(2)      Whether Defendant used an automatic telephone dialing system ("ATDS") to send the text messages;

(3)      Whether the text messages constitute an unsolicited advertisement;

(4)      Whether Defendant systematically placed telemarketing text messages to consumers listed on the National DNC Registry;

(5)      Whether Defendant has an established business relationship with Plaintiff;

(6)      Whether Plaintiff is entitled to injunctive relief;

(7)      Whether Plaintiff is entitled to recovery of attorney's fees and costs;

(8)      Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct; and

(9)      Defendant's affirmative defenses.


Defendant's Position:   Subject to the phased discovery schedule discussed below, QCS anticipates that this case will require resolution of the following issues:

(1)      Whether the TCPA is unconstitutional, which is currently being considered by the U.S. Supreme Court. *Am. Ass'n of Political Consultants, Inc. v. Fed. Commc'ns Comm'n*, 923 F.3d 159, 161 (4th Cir. 2019), *cert granted sub nom.*, *Barr v. Political Consultants*, -- S. Ct. --, 2020 WL 113070 (2020) (hereinafter, "*AAPC*");

(2)      Whether Plaintiff (or his fiancé, the named subscriber of the telephone number at issue) consented to receive the messages at issue;

(3)     Whether QCS's messages, offering free weatherization services pursuant to Section 2790 of the California Public Utility Code, qualify as informational;

(4)     Whether Plaintiff's DNC claim is precluded by the fact the messages at issue are informational, given that the TCPA's DNC restrictions apply only to marketing calls and messages;

(5)     Whether Plaintiff and his fiancé had an established business relationship with their utility companies and/or QCS, precluding Plaintiff's DNC claim;

(6)     Whether the FCC's August 4, 2016 Declaratory Ruling [2] —which explained that companies may send messages with an ATDS to "notify consumers they may be eligible for subsidized or low-cost services"— exempts QCS from liability;

(7)     Whether the messages at issue were sent with an ATDS; and

(8)     Whether this case is subject to class-wide resolution.

**(3) Amended Pleadings and Additional Parties;**

<u>Plaintiff's Position:</u> Plaintiff anticipates the potential need to amend the pleadings to conform the class definitions to information obtained during the discovery process. Plaintiff proposes that all motions to add parties and amend pleadings be filed on or before July 13, 2020. The deadline is 90 days after the date of the scheduling conference. The extra time is necessary to enable to Parties to engage in discovery regarding whether additional parties are liable for the calls to Plaintiff. Further, the extra time will allow Plaintiff to receive responses to discovery

---

[2] *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 31 FCC Rcd. 9054, 9066 (2016).

and effectuate any subpoenas that may be necessary.

Plaintiff opposes a stay pending the *AAPC* decision.

Defendant's Position:   As discussed below, Defendant contends the Court should stay this case pending the Supreme Court's decision in *AAPC*, which could end this case.  If the Court declines to do so, QCS is amenable to Plaintiff's proposed July 13, 2020 deadline to amend the pleadings.

**(4) Damages**

Plaintiff's Position: Plaintiff seeks an award or actual monetary loss or the sum of five hundred dollars ($500.00) for each violation of the TCPA whichever is greater. If Defendant is determined to have acted willfully, Plaintiff then seeks one thousand five hundred dollars ($1,500.00) for each violation of the TCPA.

Defendant's Position:   QSC denies that Plaintiff is entitled to any relief whatsoever because QCS did not violate the TCPA, and further denies that class certification is appropriate in this case.  QCS does not seek any damages at this time, but reserves the right to seek attorneys' fees and costs.

**(5) Motions**

*(a)     Pending Motions*

There are currently no pending motions before the Court.  QCS, however, will imminently file a motion to stay this case pending the Supreme Court's pending decision in *AAPC*, which could eliminate Plaintiff's TCPA lawsuit. As stated above, Plaintiff opposes a stay pending *AAPC*.

*(b)     Anticipated Motions*

Plaintiff's Position: Plaintiff anticipates filing a motion for class certification on or before March 8, 2021. Plaintiff further believes that a motion for summary

judgment may be appropriate with respect to the following issues:

    (1)     Whether Defendant's dialing system constitutes an ATDS;

    (2)     Whether Defendant procured Plaintiff's prior express written consent;

    (3)     Whether Defendant violated the TCPA;

    (4)     Whether Defendant's actions constitute a willful violation of the TCPA; and

    (5)     Whether Plaintiff is entitled to injunctive relief.

<u>Defendant's Position:</u>  QCS will imminently file a motion to stay this case pending the Supreme Court's decision in *AAPC*, which will determine whether the section of the TCPA on which Plaintiff relies is an unconstitutional restriction on speech that violates the First Amendment and, if so, what the appropriate remedy is.  QCS also anticipates that it will file an early summary judgment motion after the first 120 days of discovery on Plaintiff's individual claims.  That early summary judgment motion will address threshold legal and factual issues that should be decided before class discovery opens, including:

    (1) Whether the FCC's August 4, 2016 Declaratory Ruling (*supra* note 2)— which explained that companies may send messages with an ATDS to "notify consumers they may be eligible for subsidized or low-cost services"—exempts QCS from liability;

    (2) Whether Plaintiff's DNC claim is precluded by the fact the messages at issue are informational, given that the TCPA's DNC restrictions apply only to marketing messages; and

    (3) Whether Plaintiff and his fiancé had an established business relationship with their utility companies and/or QCS.

**(6) Discovery Plan**

*(a) Discovery Taken To Date;*

To date, no formal discovery has been exchanged. The Parties intend to exchange initial disclosures on or before April 21, 2020. The Parties have exchanged some informal discovery regarding each Parties' claims and defenses.

*(b)      Anticipated Scope of Discovery and Modification to Rules; and*

<u>Plaintiff's Position:</u> Plaintiff does not propose any modifications beyond those imposed by the Federal Rules of Civil Procedure. Plaintiff anticipates discovery will be necessary regarding the following matters:

(1)     The number of text messages placed by Defendant to Plaintiff and the Classes;

(2)     Whether the dialing equipment utilized to place text messages to Plaintiff and the proposed Classes constitutes an automatic telephone dialing system;

(3)     Defendant's policies and procedures for complying with the National DNC Registry;

(4)     The content and purpose of the text messages;

(5)     Whether Defendant's actions constitute a willful violation of the TCPA;

(6)     The size and scope of the proposed Classes; and

(7)     Defendant's obtaining of prior express written consent.

Therefore, given the complexity of the case, Plaintiff respectfully requests that the Court enter a scheduling order allowing discovery to commence for a period of ten (10) months. The first eight months will be devoted to fact discovery. Then the last two months will be devoted to expert discovery. Therefore, Plaintiff proposes the following cut-off dates:

1    • Deadline to Complete Fact Discovery: December 14, 2020;

2    • Initial Expert Reports Due: December 18, 2020;

3    • Rebuttal Expert Reports Due: January 8, 2021; and

4    • Discovery Cut-Off: February 15, 2021.

5         Plaintiff opposes a stay of the case, including QCS's request for a temporary

6    stay pending the outcome of its yet-to-be-filed motion to stay.

7         Plaintiff also opposes Defendant's proposal to bifurcate discovery. While in

8    certain cases bifurcating between class and merits discovery makes sense, here any

9    so-called "merits" issues are so intertwined with the class issues that attempting to

10   separate them would only lead to confusion, disagreement, and the need for Court

11   supervision. *See Manual for Complex Litig.* § 11.214 (4ᵗʰ. ed) (The court should

12   ascertain what discovery on class questions is needed for a certification ruling and

13   how to conduct it efficiently and economically….Discovery may proceed

14   concurrently if bifurcating class discovery from merits discovery would result in

15   significant duplication of effort and expense to the parties.")

16        Indeed, phasing discovery in such a way would give Defendant a free bite at

17   the apple. That is, the one-way intervention rule, which bars granting class

18   certification after the merits have already been decided in a plaintiff's favor, would

19   preclude Plaintiff, but not Defendant, from moving for summary judgment prior to

20   class certification. *Gessele v. Jack in the Box, Inc.,* No. C10–0960, 2012 WL

21   3686274, at *3 (D. Or. Aug. 24, 2012) (quotations omitted).

22        In short, under Defendant's plan, Plaintiff would need to first clear the hurdle

23   of proving he can beat summary judgment on his individual claim without any

24   corresponding ability to seek summary judgment in his favor. Then, only after

25   surviving summary judgment would Plaintiff be able to seek discovery related to

26   class certification—which will take months to gather.

27

28

<u>Defendant's Position:</u>

QCS anticipates no discovery will be necessary following the Supreme Court's ruling in *AAPC*, because QCS anticipates the Supreme Court will invalidate the provision on which Plaintiff's claims rest. Assuming that *AAPC* does not end this case, however, discovery will be needed on at least the following subjects:

(1)   Whether Plaintiff (or his fiancé, the named subscriber of the telephone number at issue);

(2)   Whether QCS's messages, offering free weatherization services pursuant to Section 2790 of the California Public Utility Code, qualify as informational;

(3)   Whether QCS is exempt from liability under applicable FCC declaratory rulings and regulations; and

(4)   Testimony, electronic data, records, and third-party records relevant to the facts and defenses in this case.

QCS further states that discovery should be proportional and tailored to the needs of the case. QCS therefore objects to Plaintiff's request for unfettered class discovery at this time, as it is immensely expensive for the defendant and third parties and not proportional to the current needs of the case given the numerous threshold legal and factual issues identified above. This is underscored by the fact that: (a) QCS is currently not operational—and unable to perform free weatherization services under Section 2790 of the California Public Utility Code—due to COVID-19 mandates issued by the state of California; and (b) the United States Supreme Court just granted certiorari to consider whether the TCPA is unconstitutional, which ruling could end this case. For that reason, QCS intends to imminently file a motion to stay this action pending the Supreme Court's forthcoming decision in *AAPC*.

As such, QCS requests that the Court refrain from entering a discovery schedule at this time, and instead temporarily stay this case pending resolution of QCS's motion to stay.  Thereafter, QCS proposes that the parties meet and confer and submit a scheduling order to the Court within fourteen (14) days of: (a) a ruling on QCS's Motion to Stay (if it is denied); or (b) a ruling in *AAPC* (if QCS's motion is granted).

If the Court declines to temporarily stay this case pending a ruling on QCS's motion to stay, QCS proposes the phased discovery schedule outlined below.  And contrary to Plaintiff's assertions above, it is straightforward to delineate between individual and class discovery—particularly in this case where there are numerous threshold issues (*supra* § 5(b)), including whether the messages Plaintiff received are informational and whether an ATDS was even used.  *See, e.g.*, *Leschinsky v. Inter-Continental Hotels Corp.*, No. 8:15-cv-1470, 2015 WL 6150888, at *1-2 (M.D. Fla. Oct. 15, 2015) (bifurcating discovery in TCPA case and allowing either party to move for summary judgment following limited individual discovery phase).  Nor is Plaintiff's reference the one-way intervention rule of any moment.  For one, the one-way intervention rule simply exists because it is unfair to allow members of a putative class to benefit from a favorable decision without subjecting themselves to the binding effect of an unfavorable one.  Further, Plaintiff overlooks that he *must* have a viable individual claim to even represent the class, and that QCS may move for summary judgment at any time.

| EVENT | DEFENDANT'S PROPOSAL |
|---|---|
| Deadline to amend pleadings and joint parties | **July 13, 2020**<br>(Agreed) |

| EVENT | DEFENDANT'S PROPOSAL |
|---|---|
| End of initial discovery period on Plaintiff's individual claims, after which QCS is permitted (but not required) to file an individual summary judgment motion, which will be decided before class discovery takes place. | **August 11, 2020** |
| Non-expert discovery deadline | **December 14, 2020** (Agreed) |
| Initial expert report deadline | **December 18, 2021** (Agreed) |
| Rebuttal expert report deadline | **January 25, 2021** |
| Class certification motion deadline* | **March 8, 2021** (Agreed) |
| Discovery Cut Off | **April 8, 2021** |
| Defendant' opposition to class certification motion | **April 26, 2021** |
| Dispositive motion deadline | **60 days after the Court's ruling on class certification**, or, if a class is certified, **15 days after the opt-out period closes**. Defendant may also file an early summary judgement on Plaintiff's individual claims. |
| Pre-Trial Conference | **July 15, 2021** |
| Trial | **August 23, 2021** |

*To the extent QCS files a summary judgment motion on Plaintiff's individual claims, the parties agree to submit a revised scheduling order permitting Plaintiff additional time to move for class certification after the Court rules on summary judgment, if necessary.

*(c)     Filing of any Motion for Class Certification and responsive briefing.*

<u>Plaintiff's Position:</u> Given the complexity of the case, Plaintiff proposes that the deadline to file his motion for class certification be set following the completion of all discovery. Therefore, Plaintiff proposes that he file his motion for class certification on or before March 8, 2021.

<u>Defendant's Position:</u>   Pursuant to the schedule outlined above, QCS also requests that Plaintiff's class certification motion be filed by March 9, 2021. However, QCS requests that the discovery cut-off deadline be April 8, 2021, to allow the parties to address issues that may arise during class certification briefing (as plaintiffs often attempt to change the class definition at the certification stage, and if that happens here, QCS would be deprived of the opportunity to take additional discovery as to the amended class definition absent discovery remaining open after Plaintiff files his class certification motion).

**(7) Alternative Dispute Resolution ("ADR") Procedure Selection**

<u>The Parties</u> propose ADR Procedure No. 1—mediation before a Magistrate Judge.

**(8) Settlement Efforts**

The Parties have discussed the possibility of settlement and anticipate that they will continue to discuss the possibility of settlement. At this time, the Parties do not request Court assistance with settlement talks.

**(9) Final Pretrial Conference & Trial Estimate**

<u>Plaintiff's Position:</u> Plaintiff has made a proper jury demand. Plaintiff expects that trial in this case will take approximately 4-5 days. Plaintiff further proposes that

the Final Pretrial Conference shall take place on May 10, 2021, and the trial should be scheduled to commence on July 15, 2021. The deadlines should allow the Court sufficient time to issue its decisions regarding both class certification and any potential motions for summary judgment.

Defendant's Position:  Pursuant to the schedule outlined above, QCS requests that the Final Pretrial Conference take place on July 15, 2021, and that the Trial be scheduled to commence on August 23, 2021.  QCS estimates that a trial on Plaintiff's individual claims would take 2-3 days.  If a class is certified, QCS estimates that a trial would take far longer, given the individualized issues that would present themselves at trial (which is why QCS contends class certification is inappropriate).


**(10) Complexity of the Case;**

Plaintiff's Position: This case is complex based on the discovery that will be necessary. The discovery process is likely to involve a high volume of documents, potentially a large number of parties, and a fair amount of electronic discovery that may require the assistance of an expert. Such complexities weigh in favor of granting a longer discovery schedule.

Defendant's Position:  To the extent the Supreme Court does not invalidate the TCPA in *AAPC*, QCS agrees this case is amenable to a longer discovery schedule. However, there are numerous legal and factual threshold issues that should be addressed before proceeding with class discovery—the immense expense of which will fall on QCS and third parties, but not Plaintiff.  Accordingly, QCS respectfully requests: (a) that the Court refrain from entering a scheduling order and stay this case pending a ruling on QCS's forthcoming motion to stay; and then (b) phase discovery once the stay is lifted, as requested above, assuming Plaintiff's claims remain viable following a decision in *AAPC*.

1

2                                                     Respectfully submitted,

3

4       Dated: April 8, 2020              By:        */s/   Patrick H. Peluso*

5                                                     Afshin Siman
                                                      **LAW OFFICE OF AFSHIN SIMAN**
6                                                     6210 Wilshire Blvd.
                                                      Suite 211
7                                                     Los Angeles, CA 90048
                                                      (424) 229-9778
8                                                     siman@simanlawfirm.com

9                                                     Steven L. Woodrow (*admitted pro hac vice*)
                                                          swoodrow@woodrowpeluso.com
10                                                    Patrick H. Peluso (*admitted pro hac vice*)
                                                          ppeluso@woodrowpeluso.com
11                                                    **WOODROW & PELUSO, LLC**
                                                      3900 East Mexico Avenue, Suite 300
12                                                    Denver, Colorado 80210
                                                      Telephone:   (720) 213-0675
13                                                    Facsimile:    (303) 927-0809

14                                                    *Pro Hac Vice*

15                                                    Attorney for Plaintiff and the Classes

16                                                    and

17                                                    By:     */s/ Ryan D. Watstein*

18                                                    Ryan D. Watstein (*pro hac vice*)
                                                      rwatstein@kcozlaw.com
19                                                    Kristapor Vartanian (SBN 275378)
                                                      kvartanian@kcozlaw.com
20                                                    **KABAT CHAPMAN & OZMER LLP**
                                                      333 S. Grand Avenue, Suite 2225
21                                                    Los Angeles, CA 90071
                                                      Telephone: (213) 493-3980
22                                                    Facsimile: (404) 400-7333

23                                                    Counsel for Defendant Free Energy Savings
                                                      Company, LLC

24

25      Dated: April 8, 2020

26

27
   _____
28                                      Joint Case Management Statement
                                                   - 14 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that Defendant's counsel concurs with the content of this document and has authorized me to affix his signature to the document and file the same with the Court.

*/s/     Patrick H. Peluso*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on April 8, 2020.

*/s/ Patrick H. Peluso*