# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIA CALHOUN,<br><br>    Plaintiff,<br><br>v.<br><br>FLRISH, INC.,<br><br>    Defendant. | Case No. 19-cv-08212-JCS<br><br>**ORDER REGARDING MOTION TO STAY, MOTION TO QUASH, AND ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 33, 42, 47 |

## I. INTRODUCTION

Defendant FLRish, Inc. moves to stay this putative class action because the U.S. Supreme Court has granted certiorari on the question of whether one of the statutory provisions asserted by Plaintiff Gia Calhoun is unconstitutional.[1] The Court finds the matter suitable for resolution without oral argument and VACATES the hearing previously set for May 15, 2020. For the reasons discussed below, FLRish's motion is GRANTED, and the case is STAYED.[2]

In light of the stay imposed by this order, non-party Springbig, Inc.'s motion to quash is DENIED without prejudice. Plaintiff Gia Calhoun's administrative motion to file under seal is GRANTED in part and DENIED in part.

The initial case management conference previously set for June 19, 2020 is CONTINUED to August 7, 2020 at 2:00 PM. The parties shall file a joint case management statement no later than July 31, 2020. If the stay imposed by this order has not been lifted by July 31, 2020, either party may move to continue the case management conference.

---

[1] Although the motion to stay was originally filed on behalf of a related entity that is not a party to the case, FLRish Retail Management & Security Services, LLC, the parties have stipulated that it may be deemed filed on behalf of FLRish, Inc. *See* dkt. 44.

[2] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

Calhoun alleges that she received two unsolicited text messages on her cell phone from FLRish advertising its cannabis business, despite Calhoun having listed her number on the National Do Not Call Registry. Compl. (dkt. 1) ¶¶ 7–11. According to Calhoun, FLRish or an agent of FLRish sent those text messages using an automatic telephone dialing system ("ATDS"). *Id.* ¶ 13. Calhoun brings two claims under the Telephone Consumer Protection Act ("TCPA"), one for using an ATDS and one for contacting Calhoun despite her number being listed on the Do Not Call Registry, *id.* ¶¶ 24–32, and seeks to represent a class of similarly situated individuals for each claim, *id.* ¶¶ 16–23.

On January 10, 2020, the Supreme Court granted certiorari in *Barr v. American Association of Political Consultants, Inc.* ("*AAPC*"), 140 S. Ct. 812 (2020), reviewing the Fourth Circuit's decision reported as *American Association of Political Consultants, Inc. v. Federal Communications Commission*, 923 F.3d 159 (4th Cir. 2019). Among the questions presented in that case is "[w]hether the government-debt exception to the TCPA's automated-call restriction violates the First Amendment, and whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute." Kim Decl. (dkt. 33-1) Ex. C (Petition for Certiorari) at I. The petition makes clear that it "encompasses the subsidiary question whether the appropriate remedy for any constitutional infirmity would be to sever the government-debt exception, rather than (as respondents argued below) to invalidate the TCPA's automated-call restriction." *Id.* at 14. The Supreme Court heard oral argument on May 6, 2020.

FLRish now moves to stay this action pending the Supreme Court's decision in *AAPC*, and also based on challenges related to the COVID-19 public health emergency and a pending petition for certiorari regarding the decision in *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019), to resolve a circuit split as to the definition of an ATDS. *See generally* Mot. (dkt. 33). Calhoun opposes a stay. She argues that "as a matter of well-established Ninth Circuit law, requiring a defendant to 'defend a suit, without more, does not constitute a clear case of hardship or inequity.'" Opp'n (dkt. 43)) at 2 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Calhoun also contends that FLRish delayed in bringing its motion, that the Supreme Court

2

is unlikely to invalidate the entire ATDS prohibition (as opposed to merely an exception for government debt collection), that the decision in *AAPC* will not affect her second claim based on the Do Not Call Registry, and that prejudice to the putative class in delaying proceedings outweighs any prejudice to FLRish in defending against the ATDS claim. *See generally id.* Calhoun argues that a stay based on the pending petition for certiorari in *Duguid* would be speculative and unwarranted, *id.* at 5–7, and that FLRish's and third parties' failure to raise the issue of the COVID-19 pandemic in any context other than the motion to stay undermines FLRish's argument that the pandemic warrants a stay, *id.* at 2.

## III. ANALYSIS OF MOTION TO STAY

### A. Legal Standard

To determine whether a court should exercise its discretion to enter a stay under its inherent authority, the court considers the following three "'competing interests'": (1) "'the possible damage which may result from the granting of a stay'"; (2) "'the hardship or inequity which a party may suffer in being required to go forward'"; and (3) "'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 268 (1936)). "'[I]f there is even a fair possibility that the stay . . . will work damage to some one else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Id.* at 1112 (quoting *Landis*, 299 U.S. at 255) (ellipsis in original).

### B. A Stay Pending Resolution of *AAPC* Is Warranted

A number of other district courts have stayed TCPA cases claiming violations of the ATDS prohibition pending a decision in *AAPC*. *See, e.g.*, *Lacy v. Comcast Cable Commc'ns, LLC*, No. 3:19-CV-05007-RBL, 2020 WL 2041755, at *2 (W.D. Wash. Apr. 28, 2020) (collecting cases). Others have not. *E.g.*, *Izor v. Abacus Data Sys., Inc.*, No. 19-cv-01057-HSG, 2020 U.S. Dist. LEXIS 64454 (N.D. Cal. Apr. 13, 2020).

A determination in *AAPC* that the ATDS prohibition is unconstitutional would eliminate one of the two claims in this case, would likely substantially limit the number of putative class

1  members, and could meaningfully limit the scope of discovery. While the Court declines to
2  speculate as to the likely outcome of *AAPC*, the prejudice to all parties and non-party witnesses of
3  pursuing potentially unnecessary discovery, as well as the harm to judicial economy of
4  adjudicating disputes related to such discovery, outweighs the de minimis prejudice to Calhoun of
5  a brief stay, unlikely to exceed two months, pending a decision in *AAPC*. The difficulty of
6  conducting discovery during the shelter-in-place orders imposed in response to the COVID-19
7  public health emergency, although probably not sufficient in itself to stay the case absent
8  agreement of the parties, further supports granting FLRish's motion. The motion is therefore
9  GRANTED, and the case is STAYED pending further order of the Court. The parties shall file a
10 joint status report no later than seven days after a decision in *AAPC* informing this Court of such
11 decision, addressing whether Calhoun's ATDS claim may proceed, and stating each party's
12 position as to whether the stay should be lifted.

   Although the Court declines to stay the case further based on the mere possibility of certiorari in *Duguid*, FLRish may renew its motion as to that case if the Supreme Court both grants certiorari in *Duguid* and resolves *AAPC* in a manner that allows Calhoun's ATDS claim to proceed.

### IV. MOTION TO QUASH AND MOTION TO FILE UNDER SEAL

In light of the stay imposed by this order, non-party Springbig's motion to quash a subpoena served by Calhoun is DENIED without prejudice. The parties shall meet and confer after a decision is issued in *AAPC* to determine how that decision affects Calhoun's subpoena and Springbig's motion to quash. If the parties are not able to resolve any remaining dispute as to Calhoun's subpoena, Springbig may renotice its motion to quash no later than seven days after the stay in this case is lifted. The parties shall indicate at that time whether they wish to submit the motion on their currently-filed briefs or whether subsequent developments require further briefing.

Calhoun filed an administrative motion to file documents under seal in conjunction with her opposition to Springbig's motion to quash. *See* dkt. 47. Springbig filed a responsive declaration pursuant to Civil Local Rule 79-5 establishing that Exhibit B to Robert Ahdoot's declaration contains confidential information warranting sealing. The administrative motion is

4

GRANTED as to that document. Springbig does not seek sealing of the other document at issue, Exhibit C. The administrative motion is DENIED as to that document, and to complete the public record, Calhoun shall file a public version of Exhibit C no later than May 20, 2020.

## V. CONCLUSION

For the reasons discussed above, FLRish's motion is GRANTED and the case is STAYED pending further order of the Court. The parties shall file a joint statement no later than seven days after the Supreme Court issues a decision in *AAPC*. Non-party Springbig's motion to quash is DENIED without prejudice to renoticing the motion no later than seven days after the stay in this case is lifted. Calhoun's administrative motion to file under seal is GRANTED in part and DENIED in part, and Calhoun shall file a public version of Exhibit C to the declaration of Robert Ahdoot no later than May 20, 2020.

The initial case management conference previously set for June 19, 2020 is CONTINUED to August 7, 2020 at 2:00 PM. The parties shall file a joint case management statement no later than July 31, 2020.

**IT IS SO ORDERED.**

Dated: May 13, 2020

JOSEPH C. SPERO
Chief Magistrate Judge

5