Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
Kristapor Vartanian (SBN 275378)
kvartanian@kcozlaw.com
Matthew A. Keilson (*pro hac vice*)
mkeilson@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
333 S. Grand Avenue, Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333

*Counsel for Defendant, Free Energy Savings Company, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL TRUJILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREE ENERGY SAVINGS COMPANY, LLC, D/B/A QUALITY CONSERVATION SERVICES,<br><br>Defendant. | Case No: 5:19-cv-02072--MCS-SP<br><br>**DEFENDANT'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Hon. Hon. Mark C. Scarsi<br><br>Compl. Filed: October 29, 2019<br><br>Trial Date: August 24, 2021 |

Defendant, Free Energy Savings Company, LLC d/b/a Quality Conservation Services ("QCS") hereby requests leave to file the attached response to Plaintiff's notice of supplemental authority in opposition to QCS's motion for partial judgment on the pleadings. Plaintiff's notice directs the Court to an order denying a motion to dismiss in *Abramson v. Federal Insurance Company*, No. 8:19-cv-02524, Dkt. 60 (M.D. Fla. Dec. 11, 2020). QCS seeks leave to respond to this notice for two reasons.

*First*, the notice itself contains a false statement. Plaintiff states in the notice that the *Abramson* ruling is "in line with the vast majority of courts to consider [the subject matter jurisdiction] issue[.]" However, as detailed in the enclosed response and as Plaintiff conceded at oral argument in this case, the only three courts to consider this issue prior to *Abramson* determined (correctly) that the speech restriction at issue here was unconstitutional—and thus unenforceable—during the period of time it illegally discriminated on the basis of content.

*Second*, as Plaintiff fails to point out, the *Abramson* ruling itself is a house of cards. It contains no independent reasoning of its own and instead "adopts" reasoning of other courts that supposedly considered this issue. However, none of the decisions that *Abramson* cites even touched on the relevant jurisdictional question: whether a court can enforce a speech restriction during the time it was unconstitutional. Neither *Abramson*, nor the cases on which it purportedly relies, address that question. Notably, *Abramson* was decided without the benefit of a reply brief, which would presumably have informed the court that the cases incorrectly cited by the plaintiff there did not actually address the question presented in *Abramson*.

QCS respectfully requests the opportunity to briefly expound on the points discussed above and to further explain why *Abramson* does not alter the conclusion that this Court lacks subject matter over Plaintiff's automated-call ban claim.

Dated: December 14, 2020                  **KABAT CHAPMAN & OZMER LLP**

By: /s/ *Ryan D. Watstein*

1

Ryan D. Watstein

*Counsel for Defendant*

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

I am employed in Atlanta, Georgia; I am over the age of 18 and not a party to the within action; my business address is 171 17th Street NW, Suite 1550, Atlanta, GA 30363.

On December 14, 2020, I served the foregoing document **DEFENDANT'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, CA. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on December 14, 2020, at Atlanta, Georgia.

By: /s/ Ryan D. Watstein

_____
Ryan D. Watstein

# SERVICE LIST

Steven L. Woodrow
Patrick H. Peluso
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com

Afshin Siman
Law Office of Afshin Siman
6210 Wilshire Blvd., Ste. 211
Los Angeles, CA 90048
siman@simanlawfirm.com