# Exhibit A

Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
Kristapor Vartanian (SBN 275378)
kvartanian@kcozlaw.com
Matthew A. Keilson (*pro hac vice*)
mkeilson@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
333 S. Grand Avenue, Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333

*Counsel for Defendant, Free Energy Savings Company, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TRUJILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREE ENERGY SAVINGS COMPANY, LLC, D/B/A QUALITY CONSERVATION SERVICES,<br><br>Defendant. | Case No: 5:19-cv-02072--MCS-SP<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Hon. Hon. Mark C. Scarsi<br><br>Compl. Filed: October 29, 2019<br><br>Trial Date: August 24, 2021 |

Defendant, Free Energy Savings Company, LLC d/b/a Quality Conservation Services ("QCS"), hereby responds to Plaintiff's notice of supplemental authority in opposition to QCS's motion for partial judgment on the pleadings. Plaintiff's notice directs the Court to an order denying a motion to dismiss in *Abramson v. Federal Insurance Company*, No. 8:19-cv-02524, Dkt. 60 (M.D. Fla. Dec. 11, 2020). The notice itself contains a false statement and the decision it cites is legally flawed.

*First*, the notice contains a false statement. Plaintiff states *Abramson* is "in line with the vast majority of courts to consider [the subject matter jurisdiction] issue[.]" This statement is demonstrably false. As Plaintiff conceded at oral argument, only two courts had considered this issue at the time of the hearing. *See Creasy v. Charter Comms., Inc.*, --- F.3d ----, No. 2:20-CV-01199, 2020 WL 5761117 (E.D. La. Sept. 28, 2020); *Lindenbaum v. Realgy, LLC*, --- F.3d ----, No. 1:19 CV 2862, 2020 WL 6361915 (N.D. Ohio Oct. 29, 2020). Both agreed with QCS's argument, following logic, precedent, and First Amendment principles, that the speech restriction at issue here was unconstitutional—and thus unenforceable—during the period of time it illegally discriminated on the basis of content.

On December 11, 2020, two additional district court decisions came down addressing this issue: *Abramson* and *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc., et al.*, 5:20-cv-00038-JSM-PR, Dkt. 74 (M.D. Fla. Dec. 11, 2020). As detailed in QCS's notice of supplemental authority (Dkt. 67), *Hussain* agreed with *Creasy* and *Lindenbaum* that federal courts lack jurisdiction to enforce an unconstitutional statute. *Abramson*, the outlier, did not. The opinion, however, is critically flawed: it relies on no reasoning of its own and refers solely to reasoning in other opinions ***that does not exist***. Accordingly, Plaintiff's statement that *Abramson* follows the "majority" of courts is demonstrably false.

*Second*, Plaintiff neglects to mention that *Abramson* contains no independent reasoning of its own and instead "adopts" reasoning of other courts that supposedly considered this issue. *See* No. 8:19-cv-02524, Dkt. 60, at *3 ("The Court finds these

1

decisions persuasive and adopts their reasoning and analysis."). But **_none_** of the decisions *Abramson* cites even touched on the relevant jurisdictional question raised in *Abramson* or by QCS in this case: whether a court can enforce a speech restriction during the time it was unconstitutional. In fact, several of those cases did not even involve adversarial briefing at all, as they addressed <u>motions for default judgment</u> or other motions totally unrelated to the argument QCS makes here. *Schmidt v. AmerAssist A/R Sols. Inc.*, No. CV-20-00230, 2020 WL 6135181, at *4-7 (D. Ariz. Oct. 19, 2020) (addressing unopposed <u>motion for default judgment</u> under TCPA); *Burton v. Fundmerica, Inc.*, No. 8:19-CV-119, 2020 WL 4504303, at *1-2 (D. Neb. Aug. 5, 2020) (same); *Lacy v. Comcast Cable Communications, LLC*, No. 3:19-cv-05007, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020) (addressing <u>motion to stay</u> TCPA case with no discussion of jurisdiction); *Komaiko v. Baker Techs., Inc.*, No. 19-cv-03795, 2020 WL 5104041, at *2 (N.D. Cal. Aug. 11, 2020) (same); *Buchanan v. Sullivan*, No. 8:20-CV-301, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020) (denying motion to dismiss where defendant asserted lack of subject matter jurisdiction but "advance[d] no argument to support this claim").

These cases, and by extension, *Abramson*, which mistakenly relies on them, have absolutely nothing to say regarding the question of whether federal courts lack subject matter jurisdiction to enforce a statute at the time it was unconstitutional because they were not briefed on this question and, therefore, did not address it. Simply put, "[c]onstitutional rights are not defined by inferences from opinions which did not address the question at issue." *Texas v. Cobb*, 532 U.S. 162, 169 (2001) (citing *Hagans v. Lavine*, 415 U.S. 528, 535, n. 5 (1974) ("[W]hen questions of jurisdiction have been passed on in prior decisions *sub silentio*, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us"); *see also Phelps v. Wyeth, Inc.*, 938 F. Supp. 2d 1055, 1062 (D. Or. 2013) ("[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents")

(quoting *Webster v. Fall*, 266 U.S. 507, 511 (1925)).  Indeed, as QCS has pointed out, the **_only_** courts to ever specifically address the question posed here and offer their own independent reasoning have all come to the same (correct) conclusion: the discriminatory speech restriction is unenforceable prior to the Supreme Court's severance of the statute in *AAPC*.  *See Creasy*, 2020 WL 5761117, at *2 ("**confronted with a genuine issue of first impression** … the Court concludes … the government-debt exception rendered §227(b)(1)(A)(iii) an unconstitutional content-based restriction on speech") (emphasis added); *Lindenbaum*, 2020 WL 6361915, at *7; *Hussain*, at *6 ("The 2015 amendment, adding the government-debt exception, changed an otherwise valid statute to an unconstitutional content-based restriction … Thus, at the time Defendants engaged in the speech at issue in this case, Defendants were subject to an unconstitutional content-based restriction.").

Notably, *Abramson* was decided without the benefit of a reply brief, which would presumably have informed the court that the cases incorrectly cited by the plaintiff there did not actually address the question presented in *Abramson*.

For the foregoing reasons, the Court should entirely disregard the non-existent reasoning of *Abramson* and follow the constitutionally-sound opinions issued in *Creasy*, *Lindenbaum*, and *Hussain*, the former two of which were selected for publication.

Dated:  December 14, 2020         **KABAT CHAPMAN & OZMER LLP**

By: /s/ *Ryan D. Watstein*
Ryan D. Watstein

*Counsel for Defendant*

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

I am employed in Atlanta, Georgia; I am over the age of 18 and not a party to the within action; my business address is 171 17th Street NW, Suite 1550, Atlanta, GA 30363.

On December 14, 2020, I served the foregoing document **DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, CA. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on December 14, 2020, at Atlanta, Georgia.

By: /s/ Ryan D. Watstein

_____

Ryan D. Watstein

# SERVICE LIST

Steven L. Woodrow
Patrick H. Peluso
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com

Afshin Siman
Law Office of Afshin Siman
6210 Wilshire Blvd., Ste. 211
Los Angeles, CA 90048
siman@simanlawfirm.com