Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
Kristapor Vartanian (SBN 275378)
kvartanian@kcozlaw.com
Matthew A. Keilson (*pro hac vice*)
mkeilson@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
333 S. Grand Avenue, Suite 2225, Los Angeles, CA 90071
Telephone: (213) 493-3980; Facsimile: (404) 400-7333

*Counsel for Defendant Free Energy Savings Company, LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TRUJILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREE ENERGY SAVINGS COMPANY, LLC, D/B/A QUALITY CONSERVATION SERVICES,<br><br>Defendant. | Case No: 5:19-cv-02072-MCS-SP<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S ATDS CLAIM (COUNT I); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Filed concurrently with Separate Statement of Undisputed Facts; Decl. of A. Rago; Decl. of M. Keilson*]<br><br>Date:    March 1, 2021<br>Time:    9:00 AM<br>Ctrm:    7C (7th Floor)<br>          350 West 1st Street<br>          Los Angeles, CA 90012<br><br>Hon. Mark C. Scarsi<br><br>Compl. Filed: October 29, 2019<br><br>Trial Date: August 24, 2021 |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 1, 2021, at 9:00 AM, in Courtroom 7C (7th Floor) of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA 90012, Defendant Free Energy Savings Company, LLC d/b/a/ Quality Conservation Services ("QCS") will and hereby does move the Court for an Order granting summary judgment in QCS's favor on Plaintiff's remaining claim (Count 1), brought under the Telephone Consumer Protection Act's ("TCPA") prohibition on placing calls with an automatic telephone dialing system ("ATDS") in certain circumstances.  Judgment should be entered in favor of QCS on Plaintiff's ATDS claim because the fact discovery period ended over a month ago and Plaintiff failed to obtain any evidence establishing that QCS's system constitutes an ATDS.  Nor could he, as QCS's system does not constitute an ATDS.  In any event, without such evidence, Plaintiff cannot carry his evidentiary burden. Thus, QCS is entitled to judgment as a matter of law.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on January 12, 2021.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the declarations in support filed concurrently herewith, the complete file and record in this action, and such further and other matters as the Court may allow.

KABAT CHAPMAN & OZMER LLP

DATED:  January 20, 2021.          By: /s/ *Ryan D. Watstein*
                                        Ryan D. Watstein (*pro hac vice*)
                                        *Counsel for Defendant*

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................1

II.   UNDISPUTED FACTS .......................................................................1

      A.   Plaintiff Sues over Two Text Messages Offering Free Services. ..........1

      B.   Plaintiff Fails to Prosecute His Case, Does Not Move the Court to Extend the Discovery Deadlines, and Fails to Even Respond to QCS's Discovery .......................................................................3

      C.   Plaintiff Fails to Obtain Evidence About QCS's Texting System— Other Than Evidence Establishing It Is *Not* and ATDS. ....................4

III.  ARGUMENT .....................................................................................6

      A.   Summary Judgment Standard. ..........................................................6

      B.   There Is No Genuine Issue for Trial Because Plaintiff Failed to Obtain Evidence to Support His ATDS Claim, and the Only Evidence in the Record Rebuts That Claim. .........................................7

IV.   CONCLUSION ...............................................................................11

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allan v. Pa. Higher Educ. Assistance Agency, et al.*,
    968 F.3d 567 (6th Cir. 2020) ...................................................................7

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ............................................................................6

*Balser v. Int'l Union of Elec., Elec., Salaried, Mach. & Furniture*
    *Workers (IUE) Local 201*,
    661 F.3d 109 (1st Cir. 2011) ...............................................................8

*Brae Transp., Inc. v. Coopers & Lybrand*,
    790 F.2d 1439 (9th Cir. 1986) .............................................................9

*Brenner v. Am. Educ. Servs.*,
    702 F. App'x 503 (8th Cir. 2017) ........................................................8

*Daniel v. Five Stars Loyalty, Inc.*,
    No. 3:15-CV-03546, 2015 WL 7454260 (N.D. Cal. Nov. 24, 2015) .................3

*Dominguez v. Yahoo, Inc.*,
    894 F.3d 116 (3d Cir. 2018) ................................................................7

*Dotson v. Dish Network L.L.C.*,
    No. 2:19-CV-21, 2020 WL 1491759 (S.D. Ga. Mar. 19, 2020) .......................10

*Duran v. La Boom Disco*,
    955 F.3d 279 (2nd Cir. 2020) ..............................................................7

*Finjan, LLC v. Qualys Inc.*,
    No. 4:18-CV-07229, 2020 WL 6581836 (N.D. Cal. Nov. 10, 2020) ...............10

*Friedman v. Nat'l Programming Serv., LLC*,
    No. 2:15-cv-04866, 2016 WL 1211779 (C.D. Cal. Mar. 25, 2016)....................8

*Glasser v. Hilton Grand Vacations Co.*,
    948 F.3d 1301 (11th Cir. 2020) ...........................................................7

*Henry v. Quicken Loans Inc.*,
　No. 4:04-CV-40346, 2008 WL 4735228, at *6 (E.D. Mich. Oct. 15,
　2008) ................................................................................................. 10

*Marks v. Crunch San Diego, LLC*,
　904 F.3d 1041 (9th Cir. 2018) .......................................................... 7, 9

*Meyer v. Portfolio Recovery Assocs., LLC*,
　707 F.3d 1036 (9th Cir. 2012) ................................................................ 7

*Reardon v. Uber Techs., Inc.*,
　115 F. Supp. 3d 1090 (N.D. Cal. 2015) .................................................. 3

*Rector v. Wells Fargo Dealer Servs.*,
　672 F. App'x 779 (9th Cir. 2017) ........................................... 7, 9, 10, 11

*Shupe v. Capital One Bank USA NA*,
　No. CV-16-00571, 2018 WL 5298396 (D. Ariz. Oct. 25, 2018) ............ 6, 7, 8, 9

*Thompson v. Branch Banking & Tr. Co.*,
　No. 19-CV-60108, 2020 WL 3316092 (S.D. Fla. May 1, 2020) ...................... 10

*Vanover v. NCO Fin. Sys., Inc.*,
　No. 8:14-CV-964-MSS-EAJ, 2015 WL 12696108 (M.D. Fla. Nov.
　17, 2015) ................................................................................................. 8

**Statutes and Rules**

47 C.F.R. § 64.1200 .................................................................................... 3

47 U.S.C. § 227 ....................................................................................... 7, 9

Fed. R. Civ. P. 26 ...................................................................................... 10

Fed. R. Civ. P. 56 ........................................................................................ 6

iii

## I.   <u>INTRODUCTION</u>

In this class action lawsuit, Plaintiff alleges that QCS violated the TCPA by sending two text messages, offering free weatherization services to low-income customers, with an automatic telephone dialing system ("ATDS"). To prevail on his claim, Plaintiff must prove that QCS sent him messages with an ATDS, which is defined as technology that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

Fact discovery closed on December 14, 2020. In the fifteen (15) months this case has been pending, Plaintiff has failed to prosecute his case or adduce any evidence about QCS's texting system, leaving experts with nothing to opine about during the remaining expert discovery period. He did not take any depositions or confer with QCS about any of its discovery responses and objections. In fact, Plaintiff did not even *respond* to QCS's last discovery set, which he ignored. Nor did Plaintiff move to extend any of the discovery deadlines before they expired. And Plaintiff did not just fail to prosecute this case; he failed to do so despite several warnings from the Court that it would hold the parties to the deadlines.

As a result, the *only* record evidence about the system at issue is that QCS sent personalized messages from a system that does *not* have the capacity to store or produce telephone numbers, using a random or sequential number generator. Thus, Plaintiff cannot prove one of the central elements of his TCPA claim on which he bears the burden: that QCS used an ATDS to contact him. There are therefore no issues for trial, and QCS is entitled to summary judgment, under binding Ninth Circuit authority.

## II.   <u>UNDISPUTED FACTS</u>

### A. Plaintiff Sues over Two Text Messages Offering Free Services.

On October 29, 2019, Plaintiff filed this putative class action, alleging that QCS sent two text messages to his 949-466-XXXX telephone number (the "Subject Number") on August 6, 2019 and August 12, 2019. ECF 1. The customized,

personalized messages stated in full:



Statement of Undisputed Fact ("SUF") ¶ 1.[1]  The messages were not generic.  Rather, they were directed at an individual named "Amanda Schwab" and referenced a "Green Tree Blvd" address.  SUF ¶¶ 2-3.  Though Plaintiff's Complaint falsely suggests that he does not know Amanda Schwab and that the communications he received were random, in reality, Ms. Schwab is his fiancée and the named cellular customer on the phone bill for the Subject Number.  SUF ¶¶ 4-5.  Both Plaintiff and Ms. Schwab also previously lived at the "Green Tree Blvd" address.  SUF ¶ 6.

Based on these two text messages, Plaintiff asks the Court to certify a nationwide class of individuals who QCS purportedly texted with an ATDS.  SUF ¶ 10.  Plaintiff also seeks millions of dollars in damages from QCS, a small company that exists solely to help local utilities provide free weatherization services to low-income individuals in California pursuant to state law.  SUF ¶ 11.  And he does so notwithstanding the fact Plaintiff and his fiancée *consented* to receive the informational texts at issue (with an ATDS or otherwise) by providing the Subject Number to Southwest Gas ("SWG")—Plaintiff's prior residential energy provider and the entity on whose behalf QCS sent the texts.  SUF ¶¶ 7-9 *see also* Doc. 77 (granting summary judgment on Plaintiff's do-not-call claim because the texts he received did not encourage the "purchase or rental of, or investment in, property, goods, or services"); 47 C.F.R. § 64.1200(a)(2), (f)(12) (requiring prior express *written* consent

---

[1] Citations to paragraphs (¶) in the SUF correspond with Fact/Evidence numbers in the SUF (*e.g.*, SUF at ¶ 1 corresponds with SUF at Fact/Evidence No. 1).

*only* for "telemarketing" calls sent "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services");[2] *Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090, 1098 (N.D. Cal. 2015) ("Express consent can be demonstrated when the called party gives her wireless number to the person initiating the phone call 'without instructions to the contrary.'").[3]

## B. Plaintiff Fails to Prosecute His Case, Does Not Move the Court to Extend the Discovery Deadlines, and Fails to Even Respond to QCS's Discovery.

Discovery opened in this case on March 24, 2020, the date the parties conducted their case management conference. SUF ¶ 12. On April 9, 2020, the Court issued a Scheduling Order. SUF ¶ 13. Pursuant to the discovery schedule, "Percipient/Fact Discovery" ended on December 14, 2020—over a month ago. SUF ¶ 14. Expert discovery closes on April 8, 2021. SUF ¶ 15.

On July 9, 2020—approximately three and a half months after discovery opened—Plaintiff served his first requests for production and interrogatories, which QCS responded to on September 21, 2020. *See* SUF ¶¶ 16-17. Plaintiff also served requests for admission. SUF ¶ 18. QCS timely responded to Plaintiff's requests for admission on December 11, 2020. SUF ¶ 18.

As to QCS's discovery, Plaintiff responded to QCS's requests for production, interrogatories, and requests for admission on November 4, 2020. SUF. ¶ 19, Comp.

---

[2] *See also Daniel v. Five Stars Loyalty, Inc.*, No. 3:15-CV-03546, 2015 WL 7454260, at *3 (N.D. Cal. Nov. 24, 2015) ("Where the call 'includes or introduces an advertisement or constitutes telemarketing,' the called party must have given his 'prior express *written* consent.'") (citing 47 C.F.R. § 64.1200(a)(2)) (emphasis added).

[3] By providing the Subject Number, Plaintiff and Amanda Schwab consented to receive communications from QCS—including those sent with an ATDS. While Plaintiff and his fiancée's consent alone independently forecloses Plaintiff's ATDS claim, QCS has not moved on this argument, and the Court need not reach it. That is because, as explained herein, Plaintiff failed to meet his burden to prove that QCS used an ATDS, meaning Plaintiff's claims are outside the scope of the TCPA.

Ex. 2 to Keilson Decl. at Resp. to RFP No. 7 (stating, in Plaintiff's response, that he "will produce responsive documents" to QCS's request for "[a]ll documents that evidence, support, or refute or refer or relate to the allegations in your Complaint or the defenses set forth in QCS's Answer"). QCS additionally served a second round of requests for production and interrogatories, but Plaintiff failed to respond to them. SUF. ¶ 20.

The parties also issued two third-party subpoenas: one to Amanda Schwab (Plaintiff's fiancée) and one to SWG. SUF ¶¶ 21-22.

### C. Plaintiff Fails to Obtain Evidence About QCS's Texting System—Other Than Evidence Establishing It Is *Not* and ATDS.

The parties' discovery revealed nothing about QCS's texting system, apart from establishing that the texts were personalized and addressed to Amanda Schwab, who provided the Subject Number, and that QCS's third-party texting system did ***not*** have the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator." SUF ¶¶ 23-30; Doc. 40-1 at ¶ 9. Specifically, Plaintiff did not obtain: (1) a system manual; (2) an inspection report for the texting system; or (3) any documentation establishing that the system employs a random or sequential number generator or can text telephone numbers automatically. SUF ¶¶ 24-28. In fact, Plaintiff did not even send any subpoenas to obtain details about the system at issue. SUF ¶ 29.

Nor did Plaintiff follow up with QCS or third parties to obtain that information. He did not request deposition dates from QCS, did not seek to depose any third parties, and did not confer with QCS about any of its discovery responses or objections. SUF ¶¶ 31-35; *see also* Doc. 52 at 4 ("Given the requirements to meet and confer and to give notice, in most cases a planned motion to compel must be discussed with opposing counsel *at least six weeks before the cut-off*") (emphasis added). Plaintiff also failed to move the Court to extend any of the discovery deadlines—including the

December 14, 2020 Percipient/Fact Discovery deadline.  SUF ¶ 36; *see also* Doc. 52 at 4 ("The cut-off date for discovery *is not* the date by which discovery requests must be served; it is the date by which all discovery, *including all hearings on any related motions*, must be completed.") (emphasis in original).

Notably, Plaintiff failed to do so even though the Court warned him it would not extend the discovery deadlines on no less than two (2) occasions.  First, during the November 2, 2020 hearing on QCS's motion to stay, the Court denied QCS's stay request, noting as part of its rationale that it wanted to move the case to completion and therefore "[was not inclined" to extend the discovery deadlines.  SUF ¶ 37, Ex. 3 to Keilson Decl. at 6 ("So you all should be working according to the schedule you've got before you.").  Second, during the December 7, 2020 hearing on QCS's motion for partial summary judgment on Plaintiff's other (now-dismissed) claim, the Court reminded the parties of the discovery schedule and the fast-approaching discovery cutoff.  SUF ¶ 38.  The Court also asked Plaintiff whether he had "taken any discovery between the last [November 2nd] hearing and today"—and Plaintiff conceded he had not:

> **THE COURT**: Let me ask, Mr. Woodrow [Plaintiff's counsel], what about that? Have you taken any discovery between the last hearing and today?
>
> **MR. WOODROW**: *No, Your Honor*. I checked. We followed up on subpoenas. We've done some minor work. We've not pursued -- you know, we've -- *candidly, we've not pursued depositions on this issue that would give us the information we need.*

SUF ¶ 39 (emphasis added); *see also* Doc. 77 at 6 (granting partial summary judgment for QCS and rejecting Plaintiff's request for additional discovery).  In the forty-four (44) days since that hearing, Plaintiff took absolutely no additional discovery, and he still has not responded to QCS's last set of discovery requests, which are now forty

(40) days overdue.  SUF ¶¶ 40-42.

QCS now moves the Court for summary judgment on Plaintiff's remaining claim (Count 1).

### III.    <u>ARGUMENT</u>

**A. Summary Judgment Standard.**

Summary judgment is appropriate where the evidence, viewed in the light most favorable to the nonmoving party, demonstrates there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A factual dispute is "material" only if it might affect the outcome of the lawsuit under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A party moving for summary judgment need not disprove its opponent's claim; rather, the moving party merely needs to point out to the Court the absence of evidence supporting that claim.  *See Shupe v. Capital One Bank USA NA*, No. CV-16-00571, 2018 WL 5298396, *3-4 (D. Ariz. Oct. 25, 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986))[4]; *see also* Fed. R. Civ. P. 56(c)(1)(B) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: [ ] showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact").  If a moving party has made this showing, the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256; *see also* Fed. R. Civ. P. 56(e).

---

[4] The Court cited *Shupe* in granting QCS's partial motion for summary judgment.  Doc. 77 at 3.

**B. There Is No Genuine Issue for Trial Because Plaintiff Failed to Obtain Evidence to Support His ATDS Claim, and the Only Evidence in the Record Rebuts That Claim.**

Under binding Ninth Circuit authority, the Court must grant summary judgment in favor of QCS on Plaintiff's ATDS claim because the Percipient/Fact Discovery period ended over a month ago, and Plaintiff can produce no evidence on one of the core elements of his sole remaining TCPA claim: that QCS used an ATDS to text him. *See Rector v. Wells Fargo Dealer Servs.*, 672 F. App'x 779, 780 (9th Cir. 2017) (affirming summary judgment on ATDS claim for lack of evidence).

To prevail on his ATDS claim, Plaintiff bears the burden to prove that: "(1) [QCS texted] a cellular telephone number; (2) using an automatic telephone dialing system (ATDS); (3) without the recipient's prior express consent." *See Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (cits. omitted). The plain language of the TCPA defines ATDS to mean "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

Courts are split as to the proper interpretation of ATDS, but all of them agree that to prevail on such a claim, evidence that the equipment satisfies one of competing definitions of ATDS must be obtained during the discovery period.[5] *See, e.g.*, *Shupe* 2018 WL 5298396, *4 ("The Court agrees that Plaintiffs have failed to produce

---

[5] *Compare Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018) (broadly defining ATDS to mean equipment that can automatically dial numbers from a list), *Duran v. La Boom Disco*, 955 F.3d 279 (2nd Cir. 2020) (same), *and Allan v. Pa. Higher Educ. Assistance Agency, et al.*, 968 F.3d 567 (6th Cir. 2020) (same), *with Gadelhak v. AT&T Servs.*, Inc., 950 F.3d 458, 469 (7th Cir. 2020) (Barrett, J.) (adopting statutory definition of ATDS to mean equipment that employs a random or sequential number generator), *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1311-12 (11th Cir. 2020) (same), *and Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018) (similar).

1  evidence to show that Capital One used an ATDS, a necessary element of their claim");
2  *Friedman v. Nat'l Programming Serv., LLC*, No. 2:15-cv-04866, 2016 WL 1211779,
3  at *3 (C.D. Cal. Mar. 25, 2016) (granting summary judgment because plaintiff
4  "present[ed] no evidence" to support "assumption" that ATDS was used); *Brenner v.*
5  *Am. Educ. Servs.*, 702 F. App'x 503, 504 (8th Cir. 2017) (entering summary judgment
6  because plaintiff "failed to provide probative evidence that AES used an automatic
7  telephone dialing system . . . an essential element of his claim."); *see also Vanover v.*
8  *NCO Fin. Sys., Inc.*, No. 8:14-CV-964-MSS-EAJ, 2015 WL 12696108, at *3 (M.D.
9  Fla. Nov. 17, 2015) ("Plaintiff cannot satisfy her burden merely by showing that NCO
10  utilizes such systems and has the capacity to make [calls using an] ATDS; rather, she
11  is required to offer evidence showing that NCO actually used an ATDS to place the
12  calls at issue." (cits. omitted)).

13      The mere "hope" that evidence of the use of an ATDS will eventually come to
14  light before trial will not suffice.  *See e.g.*, *Shupe*, 2018 WL 5298396, at *4; *see also*
15  *Balser v. Int'l Union of Electronic, Elec., Salaried, Mach. & Furniture Workers (IUE)*
16  *Local 201*, 661 F.3d 109, 118 (1st Cir. 2011) ("[t]o defeat a motion for summary
17  judgment, the non-movant must tender significant probative evidence . . . . Brash
18  conjecture, coupled with earnest hope that something concrete will eventually
19  materialize, is insufficient to block summary judgment.") (citing *Dow v. United Bhd.*
20  *of Carpenters & Joiners of Am.*, 1 F.3d 56, 58 (1st Cir.1993), which quoted *First Nat'l*
21  *Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

22      Here, in the absence of critical evidence about QCS's texting system, Plaintiff
23  cannot meet his burden to prove that QCS used an ATDS.  Preliminarily, the
24  Percipient/Fact discovery period has closed and the ***only*** evidence regarding QCS's
25  texting platform is that QCS sent Plaintiff personalized, targeted texts—not random
26  messages that were automatically dialed from a list—from a system that lacks the
27  capacity to "store or produce telephone numbers to be called, using a random or

8

sequential number generator."   SUF. ¶¶ 1-3 (messages specifically referenced "Amanda Schwab" and a "Green Tree Blvd" address); ¶¶ 23-30.  That evidence alone necessitates summary judgment in QCS's favor, as it establishes QCS did not use an ATDS.  *See* 47 U.S.C. § 227(a)(1); *supra* n.5.

But even if the Court disregarded QCS's evidence, summary judgment is still required because Plaintiff failed to muster any evidence to carry his evidentiary burden.  There are no depositions (none were taken), documents, system manuals, inspection reports, or admissions from QCS establishing that QCS's texting system has the capacity "(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  SUF ¶¶ 24-26; 47 U.S.C. § 227(a)(1); *see also Gadelhak*, 950 F.3d at 469.  Nor are there documents or testimony showing that QCS's system can automatically dial numbers from a stored list.  SUF ¶¶ 27-30; *Marks*, 904 F.3d 1041.  The *opposite* is true, as noted above.  Thus, the Court must grant summary judgment in favor of QCS.  *See Rector*, 672 F. App'x at 780.

Summary judgment is particularly warranted because Plaintiff had ample opportunity to obtain evidence to support his ATDS claim but never did—even after the Court denied QCS's motion to stay, noting it would hold the parties to the dates in scheduling order.  SUF ¶ 37.  During the fifteen (15) months this case has been pending, Plaintiff did not: (1) take any depositions; (2) confer with QCS about any of its discovery responses or objections; (3) move to compel any discovery responses; (4) subpoena third parties for information relevant to his ATDS claim; or (5) move to extend any of the discovery deadlines.  SUF ¶¶ 31-36; ¶ 39 ("[C]andidly, we've not pursued depositions on this issue that would give us the information we need.").  A plaintiff "cannot complain if it fails to pursue discovery diligently before summary judgment."  *See Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986); *see also Shupe*, 2018 WL 5298396, at *4 (granting summary judgment

because even though the "Federal Rules of Civil Procedure provide the mechanisms for requesting discovery," plaintiff did not "employ[] these mechanisms"). And courts have dismissed similar ATDS claims where discovery revealed far *more* information than Plaintiff obtained here. *See, e.g.*, *Thompson v. Branch Banking & Tr. Co.*, No. 19-CV-60108, 2020 WL 3316092, at *9 (S.D. Fla. May 1, 2020)*, rep. and recomm. adopted*, 2020 WL 3303949 (S.D. Fla. May 25, 2020) ("Defendant is entitled to summary judgment because the use of an ATDS is an essential element of Plaintiff's claim, and Plaintiff failed to offer any evidence that shows (or that may show) Defendant used an ATDS"); *Dotson v. Dish Network L.L.C.*, No. 2:19-CV-21, 2020 WL 1491759, at *4 (S.D. Ga. Mar. 19, 2020) (granting the defendant's motion for summary judgment where the plaintiff "failed to present evidence sufficient for a reasonable jury to conclude that [the defendant] contacted him using an ATDS").

Plaintiff's complete absence of evidence regarding whether QCS used an ATDS requires that summary judgment be granted against Plaintiff's lone remaining TCPA claim, under binding Ninth Circuit authority. *See Rector*, 672 F. App'x at 780 (affirming summary judgment where plaintiff "failed to raise a genuine dispute of material fact as to whether defendants used an [ATDS] to call [him]"). QCS respectfully requests the Court grant its motion.[6]

---

[6] The Court need not (and should not) wait until the expiration of the April 8, 2021 expert discovery period to grant summary judgment. Given Plaintiff's failure to obtain discovery during the Percipient/Fact discovery period, expert discovery is now pointless because there is nothing for experts to opine about. *See Finjan, LLC v. Qualys Inc.,* No. 4:18-CV-07229, 2020 WL 6581836, at *1 (N.D. Cal. Nov. 10, 2020) ("The plain language of Rule 26 makes clear that expert discovery means discovery *of* the expert, not *by* the expert.") (emphasis original); *Henry v. Quicken Loans Inc.*, No. 4:04-CV-40346, 2008 WL 4735228, at *6 (E.D. Mich. Oct. 15, 2008) ("[D]ata for an expert report should be gathered during fact discovery and that the extended deadline for the expert report is provided to give the expert time to thoroughly analyze the collected data.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.    <u>CONCLUSION</u>

As set forth above, the uncontroverted facts establish that, even though Plaintiff had over a year to obtain information about QCS's texting platform to prove it is an ATDS (it is not), he failed to do so.  And the only record evidence on file establishes that QCS's system does *not* qualify as an ATDS under any definition.  In the absence of any evidence showing that QCS used an ATDS, there is neither a factual basis to render expert opinions nor any genuine issues for trial according to binding authority from the Ninth Circuit.  *See Rector*, 672 F. App'x at 780.  QCS therefore respectfully requests the Court grant its motion for summary judgment and enter judgment in its favor on Plaintiff's ATDS claim (Count 1).

Dated:  January 20, 2021                     KABAT CHAPMAN & OZMER LLP

By: <u>/s/ Ryan D. Watstein</u>
    Ryan D. Watstein *(pro hac vice)*
    *Counsel for Defendant*

**<u>PROOF OF SERVICE</u>**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

     I am employed in Los Angeles, California; I am over the age of 18 and not a party to the within action; my business address is 171 17th Street NW, Suite 1550, Atlanta, GA 30363.

     On January 20, 2021, I served the foregoing document(s) **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S ATDS CLAIM (COUNT I); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☐   **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, CA.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒   **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

     Executed on January 20, 2021, at Atlanta, GA.

                  By: <u>/s/ *Ryan D. Watstein*</u>
                     Ryan D. Watstein *(pro hac vice)*

                   *Counsel for Defendant*

**SERVICE LIST**

1

2  Steven L. Woodrow
   Patrick H. Peluso
3  Woodrow & Peluso, LLC
4  3900 East Mexico Ave., Suite 300
   Denver, Colorado 80210
5  swoodrow@woodrowpeluso.com
6  ppeluso@woodrowpeluso.com

7
   Afshin Siman
8  Law Office of Afshin Siman
9  6210 Wilshire Blvd., Ste. 211
   Los Angeles, CA 90048
10 siman@simanlawfirm.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28